1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    NAIFEH AZAR,                              Case No. 24-cv-03434-AMO

              Plaintiff,
8
                                              **ORDER GRANTING MOTION TO**
9       v.                                    **REMAND**

10   MARIYA LYUBLINA, et al.,                 Re: Dkt. No. 7

              Defendants.
11

12

13          This action, originally filed in state court on April 16, 2021, stems from a property-related

14   dispute.  ECF 1-2.  Defendants Mariya Lyubina and Claudio A. Bluer move to remand the case

15   following its removal to this Court on June 6, 2024.  ECF 7 at 3; ECF 13 at 1-2.  They argue that

16   the removing defendant, Dean Earl Visso,[1] improperly effected removal by failing to obtain

17   consent from all other defendants.  *Id.*  The Court agrees.

18          In cases involving multiple defendants, they must all " 'join in the application ' " for

19   removal.  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (quoting

20   *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900)).  28 U.S.C.

21   § 1447(c) authorizes a motion to remand a case "on the basis of any defect other than lack of

22   subject matter jurisdiction[,]" and the Ninth Circuit has held that the failure to obtain consent of all

23   defendants "is a defect under § 1447(c)."  *Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931,

24   938 (9th Cir. 2010).

25

26

27   _____

[1] The moving defendants allege that Plaintiff Naifeh Azar fabricated the existence of Visso, as
28   Azar had been subject to nine orders to show cause in state court and a hearing on a motion for
     terminating sanctions was scheduled to take place "just days after" Visso filed the notice of
     removal.  ECF 7 at 5; ECF 13 at 2.

United States District Court
Northern District of California

1    Here, Visso's notice of removal is silent on whether he obtained consent from the

2  remaining defendants to effect removal, and the request to remand by the moving defendants

3  would undermine any claim that he obtained such consent.  *See* ECF 1 at 1-5.  Accordingly,

4  because the notice of removal does not indicate compliance with the requirement to obtain consent

5  of all defendants, and because neither Visso (nor any other party) has filed any opposition to the

6  instant motion, it is **GRANTED**.  *See Dubon v. HBSC Bank Nevada, N.A.*, No. 05-2799 SC, 2005

7  WL 2249902, at *5 (N.D. Cal. Sept. 15, 2005) (granting motion to remand where removing

8  defendant obtained consent from only one of several defendants).  The Clerk is directed to remand

9  this matter to the San Francisco Superior Court.

10    **IT IS SO ORDERED.**

11  Dated: August 2, 2024

12

13

14  **ARACELI MARTÍNEZ-OLGUÍN**
    **United States District Judge**

15

United States District Court
Northern District of California

2